UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RAY M. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:23-CV-293-TAV-JEM |
| | ) | |
| ANDERSON COUNTY | ) | |
| CRIMINAL COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Anderson County Detention Facility, filed an Amended Complaint[1] under 42 U.S.C. § 1983 [Doc. 4] and motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, the Court will grant Plaintiff's motion, but will dismiss this action as frivolous based upon applicable screening standards as set forth below.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion [Doc. 3] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District

---

[1] Plaintiff's Amended Complaint [Doc. 4] replaced his initial Complaint [Doc. 1]. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted).

Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined.  The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy.  This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review

under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

On February 17, 2023, the Anderson County Criminal Court sentenced Plaintiff to serve seven years in the custody of the Tennessee Department of Correction following his guilty plea to possession of methamphetamine for resale [Doc. 1, p. 5].[2] That sentence was ordered to run concurrently with Plaintiff's Knox County case, No. 101120 [*Id*. at 4, 5].

---

[2] Plaintiff attached his Anderson County Criminal Court judgments to his initial Complaint but not his Amended Complaint [*Compare* Doc. 1 *with* Doc. 4]. The Court refers to the judgments to put the allegations in Plaintiff's Amended Complaint in context.

3

Plaintiff claims he was indicted in Anderson County on the "wrong charge[,]" as he was supposed to only be charged with "simple possession/causule [sic] exchange" [Doc. 4, p. 3-4]. He also asserts that his attorney and the Assistant District Attorney arrived at a plea deal that was illegal "according to Nashville" [*Id*. at 4]. As a result of the Anderson County plea deal, Plaintiff claims that he now must stay incarcerated longer, which keeps him from his family and gainful employment [*Id*.]. He also maintains that he "has been riddled with mental anguish and stress over a case that should have never be[e]n" [*Id*.].

Aggrieved, Plaintiff filed this lawsuit against the Anderson County Criminal Court seeking monetary compensation [*Id*. at 5].

### C. Analysis

The sole Defendant in this action is the Anderson County Criminal Court. However, Plaintiff cannot maintain suit against the Anderson County Criminal Court, as state courts are not "persons" subject to the provisions of §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Therefore, this Defendant must be **DISMISSED**.

Moreover, Plaintiff is prohibited from obtaining monetary compensation in relation to his Anderson County judgment until he can first prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or

confinement prior to pursuing a § 1983 suit challenging criminal judgment). Plaintiff has not demonstrated the invalidity of his conviction or sentence, and thus, any claim for damages based on the fact of Plaintiff's current incarceration must be **DISMISSED** as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4. Plaintiff's Amended Complaint is **DISMISSED** as frivolous; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE